OPINION
PER CURIAM.
Petitioner Andrei Kheinovich Tiit, a native and citizen of Estonia, seeks review of a final order of removal. For the reasons discussed below, we conclude that we lack jurisdiction over the agency’s decision with regard to the timeliness of Tiit’s asylum claim, and that Tiit has waived any challenge to the agency’s denial of his claims for withholding of removal and relief under the Convention Against Torture (“CAT”). As a result, we will deny the petition for review.
*702 I.
Tiit entered the United States in August 2000, and was given authorization to stay until February 14, 2001. Tiit, however, did not leave at that time. On November 20, 2003, Tiit filed an application for asylum, withholding of removal and relief under the CAT. He alleged past and prospective persecution based on his efforts to stop corrupt practices in the Estonian prison he was employed at from 1995 through 2000.
Tiit testified before the IJ that some prison officials worked with prisoners to smuggle contraband into the prison, that he received threats over the phone to both his personal and his family’s safety, and that when he reported the corruption to prison officials they simply ignored him. In addition, Tiit testified that in December 1997, three unknown assailants came to his carpentry shop and broke three of his fingers with a piece of wood. Shortly after Tiit reported the incident to the police, his father was allegedly murdered. Tiit also testified that he was coerced into attending a meeting wherein he was told that unless he cooperated with the criminal enterprise at the prison, his family would be killed. At that point, Tiit decided that it was not safe for him and his family to remain in Estonia, and he left for the United States. His wife, who was pregnant at the time of Tiit’s departure, came to the United States roughly one year later.
The IJ determined that Tiit was not entitled to any of the requested relief. The IJ first found that Tiit had failed to file his application for asylum within the one-year deadline, and that there were insufficient grounds to waive the deadline. The IJ also found that Tiit’s testimony with regard to past persecution was not credible and lacked support in the record. The BIA dismissed Tiit’s appeal. For substantially the reasons given by the IJ, it concluded that the IJ’s adverse credibility determination was not clearly erroneous, that the harm Tiit claimed to have suffered “did not rise to the level of persecution[,] and that there [was] insufficient evidence to show a clear probability of persecution or torture if forced to return to Estonia.” Tiit filed this petition for review.
II.
We have jurisdiction to review a final order of removal under 8 U.S.C. § 1252(a)(1). Abdulai v. Ashcroft, 239 F.3d 542, 547 (3d Cir.2001). However, we lack jurisdiction to review the BIA’s determination that Tiit’s application for asylum is untimely. See 8 U.S.C. § 1158(a)(3) (stating that “[n]o court shall have jurisdiction to review any determination of the Attorney General” relating to the timeliness of an asylum application); Sukwanputra v. Gonzales, 434 F.3d 627, 633 (3d Cir.2006). Therefore, the scope of our review is limited to Tiit’s claims for withholding of removal and CAT relief. See Tarrawally v. Ashcroft, 338 F.3d 180, 185-86 (3d Cir.2003).[1]
III.
We conclude that Tiit, who is represented by counsel, has effectively waived his challenge to the denial of his withholding and CAT claims. See Ghana v. Holland, 226 F.3d 175, 180 (3d Cir.2000); Host v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993). As the Government rightly observes, “Tiit mentions the denial of his withholding of removal claim in the ‘Summary of the Argument’ portion of his brief, and asserts in a sub-caption in the argument section that he presented ‘sufficient evidence’ that he will be tortured if he *703 returns to Estonia, but he presents no substantive argument in the body of his brief to support either claim.” (Gov’t Br. at 18-19.) We have noted in similar circumstances that “Rule 28(a) of the Federal Rules of Appellate Procedure and our Local Appellate Rule 28.1(a) require appellants to set forth the issues raised on appeal and to present an argument in support of those issues in their opening brief.” Ghana, 226 F.3d at 180. Having failed to comply with those rules, Tiit has “abandoned and waived” his non-asylum claims.[2] Kost, 1 F.3d at 182.
Accordingly, we will deny the petition for review.

. Although Tiit failed to raise his CAT claim we have jurisdiction to consider this claim because the BIA addressed it sua sponte. See Lin v. Att’y Gen., 543 F.3d 114, 123-24 (3d Cir.2008).

. Even without this waiver, we would still deny Tiit’s petition for review. The agency’s adverse credibility determination is supported by “reasonable, substantial, and probative evidence on the record considered as a whole.” Issiaka v. Att’y Gen., 569 F.3d 135, 137 (3d Cir.2009) (internal quotation marks omitted). And the record fails to demonstrate that it is “more likely than not” that Tiit will be tortured by, “at the instigation off,] or with the consent or acquiescence of a public official or other person acting in an official capacity.” Pierre v. Att'y Gen., 528 F.3d 180, 186, 189 (3d Cir.2008) (en banc) (internal quotation marks omitted); 8 C.F.R. §§ 208.17(a), 208.18(a)(1).